JUSTICE HUNT
specially concurs and dissents.
¶27 I concur in the Court’s opinion on issue one. I dissent from that opinion on issue two. The Court has mixed apples and oranges in analyzing this issue. Appellant’s complaint asserts negligence on the part of Respondents for the destruction of its property and seeks to recover the lost rental, or use value, of the property for which it was denied during the period of re-construction. An action to recover loss of use is a tort and is governed by tort law. In focusing on the rent abatement clause of the parties’ contract, and concluding that it precluded Appellant’s recovery of loss of use, the majority erroneously used contract law to decide Appellant’s tort claim. The rent abatement clause of the contract is irrelevant in deciding Appellant’s entitlement to loss of use. Had Appellant sought damages under a breach of contract theory, then the rent abatement clause would be relevant.
¶28 Section 27-1-317, MCA, prescribes the damages recoverable in a tort action. That statute provides:
For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not.
Because Appellant brought this action in tort, I would reverse the decision of the District Court on issue two and remand for further findings concerning the reasonable use value of the property during the period of re-construction to which Appellant would be entitled pursuant to § 27-1-317, MCA. I dissent from our failure to do so.
JUSTICE TRIEWEILER:
I join in the concurring and dissenting opinion of Justice Hunt.